CHARLES J. SCHUCK, Judge,
upon petition for rehearing.
This claim was before this court for consideration during the October term, 1948, at which time an award was denied on the ground that claimant had not shown by certain and definite evidence that her husband had been afflicted with silicosis contracted during the several years of his employment as a miner, nor that the said disease was in fact the real cause of his ailment and subsequent death. After the rendering of an opinion in support of the denial of the said claim, claimant sought and obtained the right to reopen the hearing on said claim, and accordingly on the 11th day of January of the present term, presented new and further evidence to sustain her claim that her deceased husband had contracted silicosis, a compensable disease under the laws of the state of West Virginia, while employed as a miner in our state and was therefore entitled to an award.
For the first time throughout the hearings involving' the merit of this claim we have before us competent evidence of a *15 definite and convincing character showing silicosis as an ailment and disease of the deceased in connection with tuberculosis, the ultimate cause of death.
As shown by our previous opinion in Volume 4, page 178, court of claims reports, claimant’s husband, before his death, had been a patient at several hospitals and sanitaria, finally having been received in a veterans’ hospital at Oteen, North Carolina, where he died on August 8, 1945. At the time of his death at the Oteen hospital, pneumonoconiosis was reported as the cause of death, which diagnosis did not necessarily embrace or indicate the presence of silicosis, and thus left the whole matter in an indefinite, uncertain state and not sufficient for us to determine whether or not silicosis had been present, so as to warrant an award by this court.
It has now been shown that the government pathologist at the Oteen institution, having been convinced that pulmonary silicosis did exist, nevertheless, to be absolutely certain, sent the lung slides of postmortem sections to the Army Institute of Pathology in Washington, D. C. for an authoritative diagnosis, and thereafter received the following report: “George Thomas McGraw Army Institute of Pathology diagnosis silico-tuberculosis.” So, also has it now been shown by a statement dated November 17, 1947, heretofore prepared and signed by one Dr. Edward L. King, the physician immediately in charge of the care and treatment of the deceased husband of claimant while a patient at the Pinecrest sanitarium at Beckley, that her husband was afflicted with silico-tuberculosis and permanently disabled for regular employment.
All of these newly presented facts, taken in connection with the deceased’s employment as a miner for the Koppers Company, his exposure to silicon dioxide dust and sand as a “slusher” operator in and about the mine, have now convinced us, as heretofore indicated, that claimant’s husband was afflicted with silicosis at the time of his death, and that the disease was caused by his exposure while employed as such miner, and that therefore she is entitled to an award both as *16 the widow of the said George McGraw and as the administra-trix of his estate.
The claim here involved was originally presented to the workmen’s compensation department for consideration, but compensation was refused on the ground “that her application for compensation benefits was not filed within one year from the date of last injurious exposure of the deceased George Thomas McGraw to silicon dioxide dust in harmful quantities, as provided by statute.” An appeal from the foregoing order was taken to the workmen’s compensation appeal board, but the commissioner’s ruling was affirmed by that board, by an order to that effect entered on May 9, 1947.
A careful review of the transcripts of all the evidence and exhibits offered show conclusively that neither the claimant nor her husband during his lifetime had been informed as to the true nature of his ailment in ample time to present his claim for benefits to the compensation commissioner before the expiration of the one-year period from the last injurious exposure. Claimant’s husband, George McGraw, died August 8, 1945. It was not until November 1947 that she first learned that her husband had been afflicted with silicosis, and still later that silico-tuberculosis was the cause of death. All of which was several years after McGraw was last exposed to silicon dioxide dust and therefore too late for the claim to receive favorable consideration under the law making silicosis a com-pensable disease.
Recently, in the matter of the claim of Isaac Hayes, where a similar question was presented for our consideration, Vol. 4, court of claims reports, page 202, we held, inter alia, that where one (a miner) is not informed by attending physicians of the nature of his ailment, to wit, silicosis, in time to make his application for benefits to the state and is subsequently denied relief by reason of his failure to do so, through no fault of his, that a moral obligation devolves upon the state nevertheless, and that benefits should be paid accordingly. We are inclined to, and do, apply the holding in the Hayes case, supra, *17 to the facts and evidence adduced in the instant case, and therefore hold that awards payable to claimant in her own right, and as administratrix of her deceased husband’s estate should be made.
The amount of the award to be allowed presents a rather difficult problem in view of the nature of the facts adduced, which give us no firm basis to classify the disease of the deceased as to degree. However, as he died on August. 8, 1945, nearly two years after his last exposure, he would have been entitled in any event to benefits for one hundred and one weeks at the rate of sixteen dollars per week or sixteen hundred and sixteen dollars; in addition, the widow’s benefits, considering her age, expectancy of life, and bearing in mind as well the possibility of her again marrying, would increase the said amount considerably.
We are therefore of the opinion to and do recommend an award in the amount of twenty-five hundred dollars ($2500.00) payable to claimant Della J. McGraw.